# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUX PRODUCTS CORPORATION, | )<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) Civil Action No. _____ |
| YORK INTERNATIONAL CORPORATION, | )<br>) JURY TRIAL DEMANDED<br>)<br>) |
| *Defendant.* | ) |

## COMPLAINT

Plaintiff Lux Products Corporation ("Lux"), by and through its undersigned counsel, files this complaint against Defendant York International Corporation ("York"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

## THE PARTIES

2. Plaintiff Lux is a Delaware corporation with a principal place of business at 4747 South Broad Street, Bldg. 101, Suite 330, Philadelphia, Pennsylvania 19112.

3. Upon information and belief, Defendant York is a Delaware corporation with a principal place of business at 631 South Richland Avenue, York, Pennsylvania 17403.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over Defendant because York is incorporated in Delaware, does business in this District, and the facts giving rise to the claims alleged herein have occurred in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged herein have occurred in this District and because the Defendant is incorporated in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff Lux is a manufacturing company formed over 100 years ago that has grown into a global corporation whose current focus is the design and manufacture of innovative thermostat and control products for residential and light commercial use.

8. Lux offers the second largest retail thermostat brand, selling more than 10 million thermostats in the U.S. alone.

9. Since at least as early as July of 1994, Lux has been engaged in the design, manufacture, promotion, and sale in commerce in the U.S. of thermostat and control products for residential and light commercial use bearing the distinctive mark **LUX,** used alone and in combination with other names and designs (the "LUX Marks").

10. The LUX Marks are used and are federally registered for use on or in connection with thermostats, control products, and related goods. Lux is the owner of the following U.S. trademark registrations, among others, each of which is valid and subsisting:

| Mark | Reg. No. | Reg. Date (Filing Date) | Goods and Services | First Use in Commerce |
|---|---|---|---|---|
| **LUX** | 2264062 | Jul. 27, 1999 (Jul. 23, 1997) | Thermostat and thermostat accessories, namely, thermocouples and locking guards; electronic timers; water heater parts, namely, thermostats, pressure | Jul. 1994 |

| | | | | |
|---|---|---|---|---|
| | | | switches, pressure gauges, drain valves, temperature relief valves, pressure cut-off switches; mechanical timers (Class 9) | |
| | | | Range replacement parts, namely, top burner elements, drip pans, rings and bowls, top burner and oven knobs, bake and broil elements, and receptacle blocks (Class 11) | Jan. 1996 |
| LUX | 4868191 | Dec. 8, 2015 (Nov. 12, 2014) | Thermostat and thermostat accessories, namely, thermocouples and locking guards; electronic timers; water heater parts, namely, thermostats, pressure switches, pressure gauges, pressure relief drain valves, temperature relief valves, pressure cut-off switches; mechanical timers (Class 9) | Jul. 1, 2015 |
| **LUX/GEO** | 4878707 | Dec. 29, 2015 (Mar. 16, 2015) | Thermostat and thermostat accessories, namely, thermocouples and locking guards; electronic timers; water heater parts, namely, thermostats, pressure switches, pressure gauges, pressure relief drain valves, temperature relief valves, pressure cut-off switches; mechanical timers (Class 9) | Aug. 2015 |
| **LUXPRO** | 2349968 | May 16, 2000 (May 13, 1999) | Thermostats (Class 9) | Nov. 5, 1998 |
| **LUXLIGHT** | 2108904 | Oct. 28, 1997 (Oct. 7, 1996) | Thermostats for controlling heating and cooling systems (Class 9) | Oct. 13, 1995 |

Copies of these registration details are attached as Exhibit A.

11. For the past twenty years, Lux has spent considerable resources to advertise, promote, and market the LUX Marks in connection with thermostats, among other products, throughout the U.S., including on the website www.luxproducts.com, and the LUX Marks have developed considerable goodwill over that time. The thermostat products sold under the LUX Marks are well and favorably known within the industry, making the LUX Marks some of the most trusted brands in the industry.

12. Upon information and belief, Defendant York is a manufacturing company that builds home comfort products, including furnaces, air conditioners, and heat pumps.

13. York is the owner of the following U.S. trademark registrations:

| Mark | Reg. No. | Reg. Date (Filing Date) | Goods and Services | First Use in Commerce |
|---|---|---|---|---|
| LUXAIRE | 1993176 | Aug. 13, 1996 (Jul. 25, 1995) | Gravity and forced air, gas, oil, and coal furnaces (Class 11) | Mar. 1, 1940 |
| LUXAIRE | 2663150 | Dec. 17, 2002 (Mar. 29, 2002) | Heat pumps, air conditioners, air humidifiers and dehumidifiers; evaporators of all types for air, gas and liquid cooling in refrigeration service; refrigeration units; and air handlers (Class 11) | 1981 |

Copies of these registration details are attached as Exhibit B.

14. The LUXAIRE mark is not identified in these registrations for use on or in connection with "thermostats." However, York recently expanded its use of the LUXAIRE mark to include use in commerce on and in connection with thermostats, as evidenced by the

information available at the website http://www.luxaire.com/Residential/Thermostats-Controls/Touch-screen-Thermostat, a copy of which is attached hereto as Exhibit C.

15. York's use of the LUXAIRE mark on thermostats has caused actual confusion within the industry. As one example, the April 2016 edition of *Contracting Business* magazine mistakenly identified Lux's own LUX/GEO thermostat as a LUXAIRE product. A copy of the relevant portions of this publication are attached as Exhibit D.

16. On June 7, 2016, Lux wrote to York to object to York's expanded use of LUXAIRE mark on thermostats. A copy of that letter is attached as Exhibit E. York did not respond.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114

17. Lux hereby repeats and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

18. This claim is brought under 15 U.S.C. § 1114.

19. Lux has continuously and extensively used the distinctive LUX Marks on thermostats beginning in 1994, and has not abandoned any of the LUX Marks.

20. Lux owns federal trademark registrations for the LUX Marks, which registrations are valid, subsisting, and in full force and effect.

21. York is using a mark that is similar in sound, appearance, and meaning to Lux's LUX mark, and by extension, to each of the LUX Marks listed herein. In particular, York's LUXAIRE mark incorporates the entirety of Lux's distinctive LUX mark, and York's LUXAIRE mark could easily be mistaken for another mark within the family of LUX Marks when used on

or with competing goods. Overall, the LUXAIRE mark creates the same commercial impression and is confusingly similar to each of the LUX Marks.

22.     York is using the similar LUXAIRE mark on and in connection with thermostats, which products are identical to those offered by Lux under the LUX Marks.

23.     Upon information and belief, York offers for sale and sells its LUXAIRE thermostats through the same channels of trade and to the same classes of consumers that are utilized by Lux in connection with the thermostats offered under the LUX Marks

24.     Lux's use and registration of the LUX Marks in the United States for thermostats is prior to any date upon which York could rely as the first date on which York used the LUXAIRE mark on thermostats.

25.     York's use of the LUXAIRE mark on thermostats so resembles Lux's prior used and registered LUX Marks for thermostats that it is likely to confuse, mislead, and deceive members of the public into believing that Lux has allowed, sponsored, approved, or licensed York's products, or in some way York is connected to or affiliated with Lux.

26.     Any such confusion would result in injury or have a direct impact on Lux's reputation and its ability to market its own products under the LUX Marks.  Furthermore, any defect, objection, or fault found with York's products would negatively impact and seriously injure the reputation Lux has established for the products it sells under the LUX Marks.

27.     York is liable for infringement of the federally-registered LUX Marks in violation of 15 U.S.C. § 1114.

28.     Lux is entitled to recover damages in an amount to be determined at trial, including profits made by York on its sales of its infringing products, and the costs of this action.

29.     Lux has been and will continue to be irreparably injured by York's conduct. Lux cannot be adequately compensated for these injuries by monetary remedies alone, and Lux has no adequate remedy at law for Yorks infringement of its rights. Lux is therefore entitled to injunctive relief against York pursuant to 15 U.S.C. § 1116(a).

### COUNT II
### Unfair Competition
### 15 U.S.C. § 1125(a)

30.     Lux hereby repeats and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31.     This claim is brought under 15 U.S.C. § 1125(a).

32.     Lux has continuously and extensively used the distinctive, commercially strong, and federally registered LUX Marks on thermostats beginning in 1994, and has not abandoned any of the LUX Marks.

33.     York is using a mark that is similar in sound, appearance, and meaning to Lux's LUX mark, and by extension, to each of the LUX Marks listed herein. In particular, York's LUXAIRE mark incorporates the entirety of Lux's distinctive LUX mark, and York's LUXAIRE mark could easily be mistaken for another mark within the family of LUX Marks when used on or with competing goods. Overall, the LUXAIRE mark creates the same commercial impression and is confusingly similar to each of the LUX Marks.

34.     York is using the similar LUXAIRE mark on and in connection with thermostats, which products are identical to those offered by Lux under the LUX Marks.

35.     Upon information and belief, York offers for sale and sells its LUXAIRE thermostats through the same channels of trade and to the same classes of consumers that are utilized by Lux in connection with the thermostats offered under the LUX Marks.

36. Lux's use and registration of the LUX Marks in the United States for thermostats is prior to any date upon which York could rely as the first date on which York used the LUXAIRE mark on thermostats.

37. York's use of the LUXAIRE mark on thermostats so resembles Lux's prior used LUX Marks for thermostats that it is likely to confuse, mislead, and deceive members of the public into believing that Lux has allowed, sponsored, approved, or licensed York's products, or in some way York is connected to or affiliated with Lux.

38. Any such confusion would result in injury or have a direct impact on Lux's reputation and its ability to market its own products under the LUX Marks. Furthermore, any defect, objection, or fault found with York's products would negatively impact and seriously injure the reputation Lux has established for the products it sells under the LUX Marks.

39. York is liable for unfair competition in violation of 15 U.S.C. § 1125(a).

40. Lux is entitled to recover damages in an amount to be determined at trial, including profits made by York on its sales of its infringing products, and the costs of this action.

41. Lux has been and will continue to be irreparably injured by York's conduct. Lux cannot be adequately compensated for these injuries by monetary remedies alone, and Lux has no adequate remedy at law for York's infringement of its rights. Lux is therefore entitled to injunctive relief against York pursuant to 15 U.S.C. § 1116(a).

## JURY DEMAND

Lux hereby demands a jury trial on all issues appropriately triable by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lux Products Corporation prays for judgment in its favor and against Defendant York International Corporation as follows:

A. That the Court enter judgment in favor of Lux and against York for violations of 15 U.S.C. §§ 1114 and 1125(a);

B. That a preliminary and permanent injunction issue pursuant to 15 U.S.C. §1116 enjoining and restraining York and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, from using, on or in connection with the manufacture sale, importation, exportation, purchase, order, offer for sale, distribution, transmission, advertisement, display and promotion of thermostats and other HVAC controls, the LUXAIRE mark or any other marks that are confusingly similar to the LUX Marks;

C. An order directing an accounting and judgment be rendered against York for all profits received by York and all damages sustained by Lux as a result of York's infringement and/or unfair competition, relating to the use of the LUXAIRE mark on thermostats or other HVAC controls, as provided for in 15 U.S.C. § 1117;

D. An award to Lux for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117;

E. An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any thermostats or other HVAC controls offered by York under the LUXAIRE mark are authorized by Lux or are in any way related to Lux or the LUX Marks;

| | |
|---|---|
| Dated: June 29, 2016 | **PANITCH SCHWARZE BELISARIO & NADEL, LLP** |
| | By: /s/Patricia Smink Rogowski/ |
| | Patricia Smink Rogowski (Bar No. 2632) |
| | Wells Fargo Tower |
| | 2200 Concord Pike, Suite 201 |
| | Wilmington, DE 19803 |
| | Telephone: (302) 394-6030 |
| | progowski@panitchlaw.com |
| | |
| | *Attorney for Plaintiff, Lux Products Corporation* |